# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| LARRY JORGENSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:15-cv-00281-WCG |
| CREDIT PROTECTION ASSOCIATION, and DOES 1-10, inclusive, | ) ) ) ) |
| Defendants. | ) ) |

## PARTIES' PROPOSED DISCOVERY PLAN

I. **Parties and Representatives**

    A.    **Plaintiff:**    Larry Jorgenson
           **Defendants:**  Credit Protection Association, and Does 1-10, inclusive

    B.    **Plaintiff:**    Ms. Amy L. Cueller (15052-49)
                        LEMBERG LAW, L.L.C.
                        1100 Summer Street, 3rd Floor
                        Stamford, CT 06905
                        Telephone: (203) 653-2250
                        Fax No.: (203) 653-3424
                        acueller@lemberglaw.com

            **Defendants:**  Justin M. Penn, Esq.
                        HINSHAW & CULBERTSON LLP
                        222 NORTH LASALLE STREET SUIT 300
                        CHICAGO, ILLINOIS 60601-1081
                        Telephone: (312) 704-3157
                        E-Mail: jpenn@hinshawlaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

2848535v2

1

131102783v1 0973829

## II. Statement of Nature of Case

A. <u>Plaintiff</u>: This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA") and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their efforts to collect a consumer debt.

These violations include, but are not limited to, collection calls for a person other than Plaintiff after Defendants were informed that the Plaintiff was being reached in error and after having been directed to cease communications. Moreover, Defendant called Plaintiff's cellular telephone allegedly using an automated telephone dialer system and/or by using an artificial or prerecorded voice without Plaintiff's prior express consent.

B. <u>Defendant</u>: Defendant denies that it violated the FDCPA or TCPA or any other law. Defendant asserts that it did not place calls to Plaintiff's cellular telephone using an automated telephone dialing system under the TCPA and that at all times Defendant had prior express consent to place calls to the telephone number at issue. Defendant also asserts that any violation of the law, which Defendant denies occurred, was not intentional and would have resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Finally, Defendant denies that Plaintiff ever informed Defendant that Plaintiff was being reached in error and further denies that Plaintiff requested that Defendant cease all further communications.

## III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **July 13, 2015**.

B. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **July 27, 2015**.

C. All potentially dispositive motions shall be filed on or before **March 21, 2016**.

D. All discovery shall be completed by **February 1, 2016**.

E. Plaintiff shall disclose the name, address and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before **December 7, 2015**. Defendant shall disclose the name, address and vita of any

expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **January 7, 2016**; or if Plaintiff has disclosed no experts, Defendant shall make its expert disclosure on or before **January 7 2016**.

F. All parties shall file and serve their final witness and exhibit lists on or before **February 22, 2016**.

G. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

H. The parties agree that documents and other tangible items, including electronically stored information, shall be produced to the extent possible in pdf format. If discovery cannot be made available in pdf format, the parties will discuss the form of discovery before production.

IV. **Pre-Trial/Settlement Conferences**

A telephonic Rule 16(b) Scheduling Conference with the Honorable William C. Griesbach has been set for **Thursday, July 23, 2015**, commencing at **9:00 a.m. CDT**.

The parties will contact the court if they believe a settlement conference would be beneficial.

V. **Trial Date**

The parties request a trial date in **June 2016**. The trial is by **jury** and is anticipated to take **two** days.

Date: July 6, 2015

s/Amy L. Cueller                  /s/Justin M. Penn
Amy L. Cueller, #15052-49         Justin M. Penn, Esq.
LEMBERG LAW, L.L.C.               HINSHAW & CULBERTSON LLP
1100 Summer Street, 3rd Floor     222 North LaSalle Street Suit 300
Stamford, CT 06905                    Chicago, Illinois 60601-1081
Telephone: (203) 653-2250           Telephone: (312) 704-3157
Fax No.: (203) 653-3424               E-Mail: jpenn@hinshawlaw.com
E-Mail: acueller@lemberglaw.com

Attorneys for Plaintiff          Attorneys for Defendant

**Approved and So Ordered.**

_____          _____
Date                                                         Hon. William C. Griesbach, Chief Judge
                                                                   Eastern District of Wisconsin
                                                                   Green Bay Division